IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA LOPEZ ) | Case No. 1:10-cv-01332 LJO JLT |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATION TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND TO DISMISS COMPLAINT |
| vs. ) | |
| ) | |
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE, UNITED STATES OF AMERICA, REAL PARTY IN INTEREST, ) | (Docs. 1, 2) |
| ) | |
| Defendants. ) | |
| _____ ) | |

Olga Lopez is seeking to remove an action from the Kern County Superior Court based upon her claim that there is diversity of citizenship and because she claims that the United States of America is the real party in interest. (Doc. 1) Currently before the Court is Plaintiff's motion to proceed in forma pauperis ("IFP"). (Doc 2)

**I.    The motion to proceed in forma pauperis is recommended to be denied because the matter is frivolous, is filed for purposes of harassment and fails to state a claim**.

On July 26, 2010, Lopez filed an application to proceed in IFP pursuant to 28 U.S.C. § 1915. (Doc. 3) Under 28 USC § 1915(e)(2), the Court is obligated to deny the motion to proceed IFP if the allegation of poverty is untrue or the action is frivolous or malicious, it fails to state a

claim upon which relief may be granted or seeks monetary relief against a defendant who is immune. For the reasons set forth below, the Court recommends that the motions to proceed IFP be **DENIED** and the action be **DISMISSED WITH PREJUDICE**.

**A.   Background**

On June 11, 2009, Lopez and Daniel Lopez[1] were sued in Kern County Superior Court in case number S-1500-CL-239442 for unlawful detainer.[2] Lopez filed an answer in the action on August 4, 2009 after her demurrer to the complaint was overruled on July 30, 2009. The matter was stayed twice; first when Daniel Lopez filed bankruptcy, which was later dismissed byt eh Bankruptcy Court, and second when Lopez filed bankruptcy. Ultimately the stay was lifted and the Kern Court proceeded to judgment.

The underlying state court complaint, attached to Lopez's filing as Exhibit 1, details that on May 19, 2009, the plaintiff, HSBC, foreclosed on the property where Lopez and Daniel Lopez lived. (Doc. 1, Exhibit 1 ¶¶ 2, 5) Although the Lopezs were served with notices to quit the property, they failed to do so. Id. at ¶¶ 6-7. In the unlawful detainer action, HSBC sought to have the Lopezs evicted from the property and to receive an award of $50 per day rental value. Id. at ¶ 9. Notably, on the caption of the complaint, HSBC asserted that the damages sought were "UNDER $10,000.00."

On July 26, 2010, the same date that the current proceedings were initiated in the Eastern District of California, Lopez filed a notice of removal in the Kern County Superior Court action. The Kern County Superior Court denied the motion for removal based upon Lopez's failure to post a bond. Despite that the matter was set for trial on that day, Lopez failed to appear.

---

[1] The relationship between Olga Lopez and Daniel Lopez is unclear.

[2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the Kern County Superior Court, containing the court system's records for filings in that Court is subject to judicial notice.

Nevertheless, the Court proceeded and held the trial with Daniel Lopez present. At the conclusion of the trial, the Kern Court found in favor of HSBC and against the Lopezs and awarded $21,650 in rental damages.

### B.   The current matter

Lopez purports to file a motion to remove the state court action, described above, based upon diversity of citizenship and because she contends that the United States of America is the real party in interest.[3] Lopez asserts that the Court has original jurisdiction in this matter under 28 USC §§ 1346 and 2410. (Doc. 1 at 4) Toward this end, Lopez asserts that HSBC is a foreign corporation rather than a corporation registered to do business in California. Id. at 3. On this basis she claims that the United States is the real party in interest because, she claims, as a foreign corporation doing business in this country, HSBC "acts as a federal agency."[4] Id. Lopez claims that HSBC sought to quiet title in the subject property and for ejectment in the state court action although, in fact, that action merely stated a cause of action for unlawful detainer. Id. at 3-4.

### C.   The matter was not timely removed

Under 28 U.S.C. § 1446(b) provides,

> The notice of removal of a civil action or proceeding **shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading** setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

---

[3] Although purportedly a motion to remove, Lopez creates a new caption and names herself as the "petitioner," despite that she was a defendant in the state court action and names the United States of America although it was not a party in that action. Moreover, she omits reference to the other defendant in the state court action, Daniel Lopez. However, whether it is a motion to remove or an original complaint, for the reasons set forth, the Court has no jurisdiction in this matter.

[4] In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, (2009), the Court held that, in evaluating pleadings, a trial court is entitled and, indeed required, to apply a "plausibility" standard. The Court held, "The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. The Court instructed, "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1950. However, the conclusions contained in the pleading "are not entitled to the assumption of truth." Id.

> If the case stated by the initial pleading is not removable, a **notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed** on the basis of jurisdiction conferred by section 1332 of this title [28 USCS § 1332] **more than 1 year after commencement of the action**.

Emphasis added.  As noted, Lopez defended herself in the action filed in the Kern County Superior Court by filing a demurrer to the complaint and later by filing an answer.  Notably, the Kern County Superior Court docket for case number S-1500-CL-239442 demonstrates that she accepted substitute service of the complaint for Daniel Lopez on August 10, 2009.  Thus, Lopez's claim that she was not *served* with the complaint is immaterial because, clearly, she *received* a copy of the complaint.

In any event, the state court action was filed on June 11, 2009 and Lopez paid her first appearance fee on June 17, 2010 and filed her demurrer on June 25, 2010.  Therefore, assuming that the matter was removable, it could have been removed no later than June 10, 2010, one year after the matter was commenced.  Instead, Lopez did not file her notice of removal until July 26, 2010.  Therefore, the matter cannot be removed to this Court.

**D.    The pleading demonstrates that the Court does not have jurisdiction in this matter**

      **i.    There is no diversity jurisdiction**

Despite Lopez's allegation that HSBC is not a California corporation, "HSBC Bank USA, National Association" *is* a corporation registered to do business in California according to the website of the Secretary of State for the State of California.[5]  Thus, the citizenship of HSBC and Lopez[6] is not diverse.

Moreover, there is no allegation that the amount in controversy exceeds $75,000.  In fact, at the filing of the complaint, HSBC alleged that it was owed $50 per day in rental value and that

---

[5] The Court takes judicial notice of this information for the same reasons set forth in Footnote 2.

[6] Lopez admits that she lives in Bakersfield, California.  (Doc. 1 at 3)

the total amount in controversy did not exceed $10,000. Even though there was a significant delay in completing the case, the damages awarded still did not exceed $25,000, let alone $75,000. Thus, the Court has no diversity jurisdiction.

### ii. The United States is not a party to the action.

Lopez claims that because HSBC is a foreign company, when it sues, it acts as an agent for the United States of America. Clearly not. In any event, having established that HSBC is a California corporation, even Lopez's novel theory fails. Likewise, the underlying lawsuit was not an action to quiet title, to foreclose a mortgage or other lien, to partition or to condemn, nor was it in the nature of an interpleader. Thus, the Court has no jurisdiction in the matter under 28 USC §§ 1346 or 2410.

### iii. Because the state court has issued judgment already, the current action may seek, impermissibly, Federal Court review of state court action.

As noted above, on July 26, 2010, the Kern County Superior Court held the trial in the matter that Lopez seeks removed and, at its conclusion, entered judgment against her. Thus, the matter has concluded and there is nothing for this Court to adjudicate.

On the other hand, if Lopez is seeking Federal Court review of the imposition of this judgment, the Court has no jurisdiction according to the Rooker-Feldman doctrine. Doe v. Mann, 415 F.3d 1038, 1041-1042 (9th Cir. 2005) ("Typically, the Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." (internal quotation marks omitted)); Noel v. Hall, 341 F.3d 1148, 1156, 1158, 1163-64 (9th Cir. 2003) (Rooker prohibits de facto appeals of the state court decisions in federal court and Feldman prohibits a federal district court from considering any issue that "inextricably intertwined"); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 292-293 (2005) (The Rooker-Feldman doctrine bars "cases brought by

state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

**RECOMMENDATIONS**

It appears that Lopez's filing here was an improper attempt to thwart the state court action. Lopez's allegations clearly are lacking in support and, in some instances, are indisputably untrue. Thus, the matter is frivolous and fails to state a claim. Because the Court has no jurisdiction in the matter, the Court hereby **RECOMMENDS** that:

1. The application to proceed in forma pauperis is **DENIED**;
2. The motion to remove the matter is **DENIED**;
3. The matter is **DISMISSED WITH PREJUDICE**.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **July 30, 2010**                                  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE