IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA LOPEZ | Case No. 1:10-cv-01332 LJO JLT |
| Plaintiff, | AMENDED FINDINGS AND RECOMMENDATION TO DENY MOTION TO PROCEED IN FORMA PAUPERIS, TO REMAND THE MATTER TO THE KERN COUNTY SUPERIOR COURT AND TO DISMISS THE MATTER |
| vs. | |
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE, UNITED STATES OF AMERICA, REAL PARTY IN INTEREST, | |
| | (Docs. 1, 2, 5) |
| Defendants. | |

Olga Lopez is seeking, purportedly, to remove an action from the Kern County Superior Court based upon her claim that there is diversity of citizenship and because she claims that the United States of America is the real party in interest.  (Doc. 1) Currently before the Court is Plaintiff's motion to proceed in forma pauperis ("IFP"). (Doc 2) On August 4, 2010, Lopez filed an amended notice of removal.  The only change appears to be her handwritten correction to the case number of the Kern County Superior Court action.

**I.     The motion to proceed in forma pauperis is recommended to be denied because the matter is frivolous, is filed for purposes of harassment and fails to state a claim.**

On July 26, 2010, Lopez filed an application to proceed in IFP pursuant to 28 U.S.C. §

1915.  (Doc. 3) Under 28 USC § 1915(e)(2), the Court is obligated to deny the motion to proceed

IFP if the allegation of poverty is untrue or the action is frivolous or malicious, it fails to state a

claim upon which relief may be granted or seeks monetary relief against a defendant who is

immune.  For the reasons set forth below, the Court recommends that the motions to proceed IFP

be **DENIED** and the action be **DISMISSED WITH PREJUDICE**.

####    A.    Background

On June 11, 2009, Lopez and Daniel Lopez[1] were sued in Kern County Superior Court in

case number S-1500-CL-239442 for unlawful detainer.[2]  Lopez filed an answer in the action on

August 4, 2009 after her demurrer to the complaint was overruled on July 30, 2009.  The matter

was stayed twice; first when Daniel Lopez filed bankruptcy, which was later dismissed, and

second when Lopez filed bankruptcy.  Ultimately the stay was lifted and the Kern Court

proceeded to judgment.

The underlying state court complaint, attached to Lopez's filing as Exhibit 1, details that

on May 19, 2009, the plaintiff, HSBC, foreclosed on the property where Lopez and Daniel Lopez

lived.  (Doc. 1, Exhibit 1 ¶¶ 2, 5) Although the Lopezes were served with notices to quit the

property, they failed to do so.  Id. at ¶¶ 6-7.  In the unlawful detainer action, HSBC sought to

have the Lopezes evicted from the property and to receive an award of $50 per day rental value.

Id. at ¶ 9.  Notably, on the caption of the complaint, HSBC asserted that the damages sought were

"UNDER $10,000.00."

On July 26, 2010, the same date that the current proceedings were initiated in the Eastern

District of California, Lopez filed a notice of removal in the Kern County Superior Court action.

---

[1] The relationship between Olga Lopez and Daniel Lopez is unclear.

[2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the Kern County Superior Court, containing the court system's records for filings in that Court is subject to judicial notice.

The Kern County Superior Court denied the motion for removal based upon Lopez's failure to post a bond. Despite that the matter was set for trial on that day, Lopez failed to appear. However, the Court proceeded and held the trial with Daniel Lopez present.  At the conclusion of the trial, the Kern Court found in favor of HSBC and against the Lopezs and awarded $21,650 in rental damages.

### B.    The current matter

Lopez purports to file a motion to remove the state court action based upon diversity of citizenship and because she contends that the United States of America is the real party in interest.[3]  Lopez asserts that the Court has original jurisdiction in this matter under 28 USC §§ 1346 and 2410. (Doc. 1 at 4) Toward this end, Lopez asserts that HSBC is a foreign corporation rather than a corporation registered to do business in California.  Id. at 3. She provides no evidence to this effect but, on this basis, she claims that the United States is the real party in interest because, she claims, as a foreign corporation doing business in this country, HSBC "acts as a federal agency."[4]  Id.  Lopez claims that HSBC sought to quiet title in the subject property and for ejectment in the state court action although, in fact, that action merely stated a cause of action for unlawful detainer.  Id. at 3-4.  Finally, Lopez fails to provide any evidence that her codefendant, Daniel Lopez, joins in the removal.

### C.    The matter was not timely removed

Under 28 U.S.C. § 1446(b) provides,

---

[3] Although purportedly a motion to remove, Lopez creates a new caption and names herself as the "petitioner," despite that she was a defendant in the state court action and names the United States of America although it was not a party in that action.  Moreover, she omits reference to the other defendant in the state court action, Daniel Lopez. However, whether it is a motion to remove or an original complaint, for the reasons set forth, the Court has no jurisdiction in this matter.

[4] In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, (2009), the Court held that, in evaluating pleadings, a trial court is entitled and, indeed required, to apply a "plausibility" standard.  The Court held, "The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. The Court instructed, "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1950.  However, the conclusions contained in the pleading "are not entitled to the assumption of truth." Id.

The notice of removal of a civil action or proceeding **shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading** setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a **notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable**, **except that a case may not be removed** on the basis of jurisdiction conferred by section 1332 of this title [28 USCS § 1332] **more than 1 year after commencement of the action**.

Emphasis added.  As noted, Lopez defended herself in the action filed in the Kern County Superior Court by filing a demurrer to the complaint and later by filing an answer.  Notably, the Kern County Superior Court docket for case number S-1500-CL-239442 demonstrates that she was served on June 13, 2009, Daniel Lopez was served on June 12, 2009 and "All Occupants in Possession" were served on June 12, 2009.  Service was proven on the docket through the filing of proofs of service. [5]  Although Lopez asserts that she was not properly served, she has failed to evidence this fact and it is contradicted by the docket and her actions in defending against the action.

On June 17, 2009, Lopez paid her first appearance fee on June 25, 2010, she filed her demurrer to the complaint.  Therefore, assuming that the matter was removable at the time it was filed, it could have been removed no later than 30 days from service, or if not, it had to be removed no later than June 10, 2010, one year after the matter was commenced.  Instead, Lopez did not file her notice of removal until July 26, 2010.  Therefore, the matter cannot be removed to this Court.

**D.     The pleading demonstrates that the Court does not have jurisdiction in this matter**

     **i.     There is no evidence that Daniel Lopez joins in this action**

---

[5]"The filing of a proof of service creates a rebuttable presumption that the service was proper." Floveyor Internat., Ltd. v. Superior Court, 59 Cal.App.4th 789, 795(1997).

1    In her notice of removal, Lopez fails to indicate that Daniel Lopez, her codefendant in the

2  state court proceeding, joins in the removal.  The "rule of unanimity" requires that in a case

3  involving multiple defendants, all defendants must join in a removal petition.  <u>Chicago, Rock</u>

4  <u>Island, & Pacific Railway Co. v. Martin</u>, 178 U.S. 245, 248 (1900).  In fact, she fails to mention

5  Daniel Lopez and fails to indicate his consent to the removal.  <u>Proctor v. Vishay Intertechnology</u>

6  <u>Inc.</u>, 584 F.3d 1208, 1225-26 (9th Cir. 2009).   Thus, the notice of removal is defective.

7                    **ii.       There is no diversity jurisdiction**

8    Despite Lopez's allegation that HSBC is not a California corporation, "HSBC Bank USA,

9  National Association" *is* a corporation registered to do business in California according to the

10  website of the Secretary of State for the State of California.[6]  Notably, Lopez has failed to

11  provide any proof that HSBC's actual citizenship is not California.  Thus, the Court cannot

12  conclude that HSBC's citizenship and Lopez's[7] is diverse.

13    Moreover, there is no allegation that the amount in controversy exceeds $75,000.  In fact,

14  at the filing of the complaint, HSBC alleged that it was owed $50 per day in rental value and that

15  the total amount in controversy did not exceed $10,000.  Even though there was a significant

16  delay in completing the case, the damages awarded still did not exceed $25,000, let alone

17  $75,000.

18    Title 28 U.S.C. § 1441(a) provides,

19  Except as otherwise expressly provided by Act of Congress, any civil action
     brought in a State court of which the district courts of the United States have
20  original jurisdiction, may be removed by the defendant or defendants, to the
     district court of the United States for the district and division embracing the place
21  where such action is pending.

22  Removal statutes are to be strictly construed and any doubts are to be resolved in favor of state

23  court jurisdiction and remand. See <u>Gaus v. Miles</u>, 980 F.2d 564, 566 (9th Cir. 1992).  The Court

24  may remand an action to state court for lack of subject matter jurisdiction or for any defect in the

25  removal procedure. 28 U.S.C. § 1447(c).

26

27    [6]The Court takes judicial notice of this information for the same reasons set forth in Footnote 2.

      [7]Lopez admits that she lives in Bakersfield, California.  (Doc. 1 at 3)

Because federal courts are courts of limited jurisdiction, they are presumed to lack jurisdiction unless the contrary is established. Gen. Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 968-69 (9th Cir. 1981).  Thus, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Sanchez v. Monumental Life Ins., 102 F.3d 398, 403 (9th Cir. 1996) (citing Gaus v. Miles, 980 F.2d 564, 566-67 (9th Cir. 1992)); see also Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007); Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). Notably, the party seeking removal must show by a preponderance of the evidence that the amount in controversy exceeds $ 75,000.  See Abrego v. The Dow Chemical Co., 443 F.3d 676, 683 (9th Cir. 2006); Conrad Associates v. Hartford Acc. & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("A speculative argument regarding the potential value of the award is insufficient.") It is insufficient for the removing party to merely state a conclusion that the amount in controversy "exceeds $75,000."  Instead, the defendant is obligated to provide proof of the underlying facts so to support the Court's jurisdiction.  Thus, the Court has no diversity jurisdiction.

### iii.    The United States is not a party to the action.

Lopez claims that because HSBC is a foreign company, when it sues, it acts as an agent for the United States of America.  Clearly not.  In any event, having established that there is no evidence that HSBC is not a California corporation, if Lopez's novel theory had any authority behind it, it fails still.  Thus, the Court has no jurisdiction in the matter.

### iv.    Because the state court has issued judgment, the current action seems to seek, impermissibly, Federal Court review of state court action.

As noted above, on July 26, 2010, the Kern County Superior Court held the trial in the matter that Lopez seeks removed and, at its conclusion, entered judgment against her.  Thus, the matter has concluded and there is nothing for this Court to adjudicate.

On the other hand, if Lopez is seeking Federal Court review of the imposition of this judgment, the Court has no jurisdiction according to the Rooker-Feldman doctrine.  Doe v.

1   Mann, 415 F.3d 1038, 1041-1042 (9th Cir. 2005) ("Typically, the Rooker-Feldman doctrine bars

2   federal courts from exercising subject-matter jurisdiction over a proceeding in which a party

3   losing in state court seeks what in substance would be appellate review of the state judgment in a

4   United States district court, based on the losing party's claim that the state judgment itself

5   violates the loser's federal rights." (internal quotation marks omitted)); Noel v. Hall, 341 F.3d

6   1148, 1156, 1158, 1163-64 (9th Cir. 2003) (Rooker prohibits de facto appeals of the state court

7   decisions in federal court and Feldman prohibits a federal district court from considering any

8   issue that "inextricably intertwined"); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,

9   544 U.S. 280, 284, 292-293 (2005) (The Rooker-Feldman doctrine bars "cases brought by

10  state-court losers complaining of injuries caused by state-court judgments rendered before the

11  district court proceedings commenced and inviting district court review and rejection of those

12  judgments").

13                              **RECOMMENDATIONS**

14          It appears that Lopez's filing here was an improper attempt to thwart the state court

15  lawsuit.  Lopez's allegations clearly are lacking in support and, in some instances, are

16  indisputably untrue.  Thus, the matter is frivolous and fails to state a claim.  Because the Court

17  has no jurisdiction in the matter, the Court hereby **RECOMMENDS** that:

18          1.      The application to proceed in forma pauperis is **DENIED**;

19          2.      The motion to remove the matter is **DENIED**;

20          3.      The matter is **REMANDED** to the Kern County Superior Court;

21          4.      Because the order remanding this matter to state court concludes this case, the

22                  Clerk of the Court is ordered to close this matter.

23          This Findings and Recommendations is submitted to the United States District Judge

24  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

25  Local Rules of Practice for the United States District Court, Eastern District of California.

26  Within fourteen days after being served with a copy, any party may file written objections with

27  the court and serve a copy on all parties.  Such a document should be captioned "Objections to

1  Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate

2  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file

3  objections within the specified time may waive the right to appeal the District Court's order.

4  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5

6  IT IS SO ORDERED.

7  Dated:   **August 5, 2010**                          **/s/ Jennifer L. Thurston**

8                                                UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27